UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **EDCV 26-01028-MWF (JDE)**          **Date:  April 14, 2026**
Title:      Xujun Wang v. Fereti Semaia, et al.

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

        Deputy Clerk:                         Court Reporter:
        Rita Sanchez                          Not Reported

        Attorneys Present for Plaintiff:      Attorneys Present for Defendant:
        None Present                          None Present

**Proceedings (In Chambers):**          ORDER DENYING PETITIONER'S SECOND
EX PARTE APPLICATION FOR
TEMPORARY RESTRAINING ORDER [12]

Before the Court is Petitioner Xujun Wang's Second Ex Parte Application for a Temporary Restraining Order (the "Application"), filed April 6, 2026.  (Docket No. 12).  Respondents filed an Opposition on April 9, 2026.  (Docket No. 14).  Petitioner filed a Reply on April 10, 2026.  (Docket No. 15).

The Application is **DENIED**.  While the Court has jurisdiction to review putative constitutional flaws with bond hearings in the context of a habeas petition, Petitioner has not demonstrated a likelihood of success that his bond hearing was constitutionally defective.

I.      **BACKGROUND**

The Court previously issued an Order Granting Petitioner's Ex Parte Application for Temporary Restraining Order (the "Prior Order") on March 9, 2026  (Docket No. 8).  In the Prior Order and accompanying Temporary Restraining Order (Docket No. 9), the Court ordered Respondents to provide Petitioner with a bond hearing before an Immigration Judge ("IJ") pursuant to 8 U.S.C. § 1226(a).  (Prior Order at 2).

Petitioner's bond hearing occurred on March 16, 2026.  (Declaration of Xujun Wang ("Wang Decl.") (Docket No. 12 at 15) ¶ 12).  At the hearing, the IJ put the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **EDCV 26-01028-MWF (JDE)**            **Date:  April 14, 2026**
Title:        Xujun Wang v. Fereti Semaia, et al.

burden on Petitioner to establish that he is not a flight risk and concluded that he failed to meet that burden.  (*Id.* ¶ 13; *see also id.*, Ex. A (the "IJ Order")).

## II.  **LEGAL STANDARD**

A temporary restraining order is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 22 (2008).  The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction.  *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).  Pursuant to Federal Rule of Civil Procedure ("Rule") 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury."  Fed. R. Civ. P. 65(b).  A party seeking a preliminary injunction must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his favor; and (4) an injunction is in the public interest.  *See Toyo Tire Holdings of Ams. Inc. v. Cont'l Tire N. Am., Inc.*, 609 F.3d 975, 982 (9th Cir. 2010) (citing *Winter*, 555 U.S. at 20).

These elements — referred to as the *Winter* factors — can be balanced on a sliding scale, allowing a preliminary injunction to issue where there are "serious questions going to the merits" and the balance of hardships "tips sharply towards the plaintiff," "so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131, 1132–35 (9th Cir. 2011) (concluding that district courts may use a sliding-scale approach but requiring all four *Winter* factors to be met).

## III.  **DISCUSSION**

As a threshold matter, the Court agrees with Petitioner that it retains jurisdiction to review constitutional or legal errors putatively made during bond hearings under 28 U.S.C. § 2241.  *See Hernandez v. Sessions*, 872 F.3d 976, 987 (9th Cir. 2017) (noting that § 1226(e) does not preclude habeas jurisdiction over constitutional claims or

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  EDCV 26-01028-MWF (JDE)**          **Date:  April 14, 2026**

Title:      Xujun Wang v. Fereti Semaia, et al.

questions of law); *Mendoza v. Noem*, No. CV 25-3227-MWF (AGR), 2026 WL 923311, at *2 (C.D. Cal. Apr. 1, 2026).

Still, Petitioner has not demonstrated a likelihood of success on his constitutional claim, which is that at the bond hearing, "the IJ improperly placed the burden of proof on [Petitioner]."  (Motion at 6).  The Ninth Circuit has squarely upheld the constitutionality of placing the burden on the noncitizen in § 1226(a) bond proceedings.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1210–12 (9th Cir. 2022).  Petitioner's failure to discuss or reckon with *Rodriguez Diaz* is especially curious given it is cited in the IJ's bond order as the basis for having put the burden on Petitioner.  (IJ Order at 1).

Petitioner relies on *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), for the proposition that "the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond."  *Id.* at 1203.  However, *Singh* pertained to particular statutory provisions other than § 1226(a) and, on that basis, was expressly distinguished by the Ninth Circuit in *Rodriguez Diaz*.  *See* 53 F.4th at 1196 ("*Singh* did not purport to establish a freestanding set of constitutionally mandated procedures that would apply to any detained alien.").

Because Petitioner failed to carry his burden on the likelihood of success prong, the Court need not consider the other three *Winter* factors.  *See Baird v. Bonta,* 81 F.4th 1036, 1040 (9th Cir. 2023).

Accordingly, the Application is **DENIED.**

As the parties are aware, this case has been referred to Magistrate Judge John D. Early.  (Docket No. 4).  Pursuant to General Order No. 05-07, further proceedings on the merits of the Petition are **REFERRED** to Magistrate Judge Early for decision.

IT IS SO ORDERED.